IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JASON YOUKER, | ) | No. 30968-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY, a municipal | ) | PUBLISHED OPINION |
| corporation, LISA WHITE, a single | ) | |
| woman, and WILLIAM BLACK and JANE | ) | |
| DOE BLACK, | ) | |
| | ) | |
| Respondents. | ) | |

BROWN, J. — Jason Youker appeals the summary judgment dismissal of his common law privacy invasion suit against Douglas County and two of its sheriff's deputies, Lisa White and William Black, after the deputies performed a warrantless search of his home based on the consent of his ex-wife, JoAnn Youker. Mr. Youker contends genuine issues of material fact exist on Ms. Youker's authority to consent to the search and the amount of damages stemming directly from the search. Reasonable minds could solely conclude the deputies lacked intent to intrude upon Mr. Youker's seclusion. Accordingly, we affirm.

FACTS

In April 2007, Ms. Youker visited the sheriff's office to report her ex-husband, Mr. Youker, was a convicted felon with a rifle in his possession. Deputies White and Black learned Mr. Youker had in effect a no-contact order against Ms. Youker and she had an outstanding arrest warrant. Ms. Youker offered to show the deputies the gun's location in the home where she claimed to have resided with Mr. Youker for the previous five months despite the no-contact order.

The deputies drove Ms. Youker to the home where, in Mr. Youker's absence, she signed a consent to search form. A dog recognized her and allowed her to pass to the door that she knew was unlocked to allow Mr. Youker's employees access to business inventory. The deputies entered the home and seized the gun from under a bed Ms. Youker claimed to share with Mr. Youker. Ms. Youker showed them her clothing in half the bedroom closet and her mail sent to that address on the bed's side table. Back at the sheriff's office, Deputy White learned Ms. Youker's arrest warrant was for violating the no-contact order and arrested her. Deputy White arrested Mr. Youker the next day. Mr. Youker told Deputy White the gun belonged to Ms. Youker and she had resided in his home for the previous four months.

The State charged Mr. Youker with first degree unlawful firearm possession. State prosecutors later dropped the charge because the United States indicted him for the same incident. Federal prosecutors eventually dropped the indictment because evidence suggested Mr. Youker might not have owned the gun.

2

In April 2009, Mr. Youker sued the county and the deputies for privacy invasion, false arrest, false imprisonment, and malicious prosecution. The Youkers each gave evidence contradicting their prior alleged statements in material ways, generally claiming Ms. Youker did not reside in Mr. Youker's home at the time of the search. The trial court summarily dismissed all claims. Mr. Youker's first appeal followed. This court reversed and remanded solely regarding his privacy invasion suit, finding, "[T]he basis for dismissing [the] claim, at least with respect to damages directly related to the search, was insufficiently briefed below and on appeal." *Youker v. Douglas County*, 162 Wn. App. 448, 453, 258 P.3d 60, *review denied*, 173 Wn.2d 1002 (2011).

On remand, the trial court again summarily dismissed Mr. Youker's privacy invasion suit. The court "specifically f[ound] that there are issues of fact on . . . consent to search," but concluded these issues were not material because Mr. Youker could not prove damages. Clerk's Papers at 382. Mr. Youker again appealed.

## ANALYSIS

The issue is whether the trial court erred in summarily dismissing Mr. Youker's privacy invasion suit.

We review a summary judgment order de novo, engaging in the same inquiry as the trial court. *Highline Sch. Dist. No. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976); *Mahoney v. Shinpoch*, 107 Wn.2d 679, 683, 732 P.2d 510 (1987). While we consider solely evidence and issues called to the trial court's attention, we may affirm on any ground the record is sufficiently developed for us to fairly consider. RAP 2.5(a); RAP 9.12.

3

Summary judgment is proper if the record shows "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). A genuine issue is one upon which reasonable people may disagree; a material fact is one controlling the litigation's outcome. *Morris v. McNicol*, 83 Wn.2d 491, 494, 519 P.2d 7 (1974); *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). We construe all facts and reasonable inferences in the light most favorable to the nonmoving party, here Mr. Youker. *Barber v. Bankers Life & Cas. Co.*, 81 Wn.2d 140, 142, 500 P.2d 88 (1972); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate solely when reasonable minds could reach but one conclusion. *Dowler v. Clover Park Sch. Dist. No. 400*, 172 Wn.2d 471, 484, 258 P.3d 676 (2011).

A person may sue the government for common law privacy invasion if it intentionally intrudes upon his or her solitude, seclusion, or private affairs. *Reid v. Pierce County*, 136 Wn.2d 195, 206, 213-14, 961 P.2d 333 (1998); RESTATEMENT (SECOND) OF TORTS § 652B (1977). The defendant's intrusion, whether physical or nonphysical, must substantially interfere with the plaintiff's seclusion in a manner highly offensive or objectionable to a reasonable person. *Mark v. Seattle Times*, 96 Wn.2d 473, 497, 635 P.2d 1081 (1981) (quoting and citing RESTATEMENT (SECOND) OF TORTS § 652B & cmt. d)). And, "The intruder must have acted deliberately to achieve the result, with the certain belief that the result would happen." *Fisher v. Dep't of Health*, 125 Wn. App. 869, 879, 106 P.3d 836 (2005). While "[i]ntent is not a factor" under article I,

4

section 7 of our state constitution,[1] *id.*, our Supreme Court has refused to create a constitutional cause of action for governmental privacy invasions. *Reid*, 136 Wn.2d at 213-14. Likewise, we decline to do so here.

Reasonable minds could solely conclude the deputies lacked intent to intrude upon Mr. Youker's seclusion. It is uncontested they were legitimately investigating Ms. Youker's report about a gun in Mr. Youker's home. The record contains no suggestion they acted under pretext. She signed a consent to search form after stating she had resided in the home for five months. When the deputies approached the home with Ms. Youker, they were greeted by a friendly dog and found papers and clothing belonging to her in the bedroom. Even Mr. Youker, when first contacted, said Ms. Youker had lived with him for four months. The deputies did not have the benefit of hindsight regarding the Youkers' later conflicting statements. Considering the information available to them at the time, no trier of fact could find the deputies "deliberately embarked on a course of conduct guaranteed to result in an unlawful [search] with the intent of causing distress or embarrassment to [Mr. Youker]." *Fisher,* 125 Wn. App. at 879.

In sum, we hold the trial court did not err in summarily dismissing Mr. Youker's privacy suit. Considering our analysis, we do not reach his remaining contentions.

---

[1] The constitutional provision reads, "No person shall be disturbed in his private

5

No. 30968-1-III
*Youker v. Douglas County*

Affirmed.

Brown, J.

Brown, J.

I CONCUR:

Korsmo, C.J.

Korsmo, C.J.

---

affairs, or his home invaded, without authority of law." CONST. art I, § 7.

6

No. 30968-1-III

SIDDOWAY, J. (dissenting) — The unusual facts presented make this the rare case in which an individual subjected to an unlawful search by law enforcement officers is entitled to pursue a claim for common law invasion of privacy. I therefore respectfully dissent.

I say "rare," because as the majority opinion explains, invasion of privacy, including the cause of action for intrusion upon seclusion, is an intentional tort and therefore not one that many officers will ever commit or even be accused of committing. "The comments and illustrations to [*Restatement (Second) of Torts*] Section 652B [1977] disclose that an 'intrusion upon seclusion' claim usually involves a defendant who does not believe that he has either the necessary personal permission or legal authority to do the intrusive act." *O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989). In most cases in which law enforcement officers are ultimately established to have entered a plaintiff's home without permission or legal authority, it is reasonable to expect that evidence will suggest only negligent, not intentional conduct. And as pointed out in our prior decision in this case, damages are limited, since a law enforcement officer's search will not be the legal cause of injury or damage occurring after any fully informed

decision to prosecute. *Youker v. Douglas County*, 162 Wn. App. 448, 467, 258 P.3d 60, *review denied*, 173 Wn.2d 1002 (2011).

Here, however, the sheriff's deputies were approached by JoAnn Youker, who informed them that Jason Youker—whom she identified as her ex-husband, not her current husband—had a rifle in his home that she offered to show them: one red flag. She told them that her ex-husband was a convicted felon, and she knew that his possession of a rifle was forbidden: another red flag. Before traveling to the home with Ms. Youker, the sheriff's deputies learned that Mr. Youker had a no-contact order in effect against Ms. Youker: a third red flag. They also learned before traveling to the home with Ms. Youker that she had an outstanding arrest warrant for failing to appear or comply—a fourth red flag—although they did not determine before traveling to Mr. Youker's home to conduct the search, as they determined later, that the arrest warrant was for violating Mr. Youker's no-contact order.

When facts are presented that raise an issue as to a person's state of mind, summary judgment is seldom available. 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 56, at 417 (6th ed. 2013) (citing *Haubry v. Snow*, 106 Wn. App. 666, 31 P.3d 1186 (2001); *Pearson v. Gray*, 90 Wn. App. 911, 954 P.2d 343 (1998); *Sedwick v. Gwinn*, 73 Wn. App. 879, 873 P.2d 528 (1994)). A number of courts have recognized that a warrantless and otherwise unauthorized entry into or search of a home by law enforcement can be actionable as intrusion upon seclusion if there is evidence

2

from which to infer that the officers doubted their authority. *See, e.g., Mauri v. Smith*, 324 Or. 476, 929 P.2d 307, 311-12 (1996) (reversing directed verdict for defendant officers on plaintiffs' intrusion upon seclusion claim); *Monroe v. Darr*, 221 Kan. 281, 559 P.2d 322, 327 (1977); *Muhammad v. United States*, 884 F. Supp. 2d 306, 317 (E.D. Pa. 2012) (noting that "[a]ccording to the illustrations in the Restatement, a warrantless search of a home qualifies as a physical intrusion into a place where the plaintiff has secluded himself," (citing RESTATEMENT § 652B)); *Walker v. Jackson*, ___ F. Supp. 2d ___, 2013 WL 3379685, at *6 (D. Mass. 2013) (plaintiffs' stated claim under Massachusetts's statutory right of privacy, which includes "'unreasonable intrusion upon a person's right to seclusion,'" where police department traced the call reporting a crime in progress to an individual they knew had made prior false reports (quoting *Amato v. Dist. Attorney for Cape & Islands Dist.*, 80 Mass. App. Ct. 230, 952 N.E.2d 400 (2011)); *Garay v. Liriano*, 943 F. Supp. 2d 1, 25 (D.D.C. 2013) (denying summary judgment dismissal of plaintiffs' invasion of privacy claim for warrantless entry into their home). Here, while a jury may well find in favor of the defending deputies, Mr. Youker has presented enough evidence to entitle him to argue to a jury that the deputies did not believe they had the necessary permission to conduct the search but decided to go ahead anyway.

As to damages, Douglas County showed that most of the damages originally alleged by Mr. Youker were proximately caused by the prosecutor's charging decision,

not the deputies' search. But Mr. Youker responded with his own declaration, in which he testified that learning of the search had caused him humiliation, a form of emotional distress. Damages for privacy invasion include "'the harm to [the plaintiff's] interest in privacy resulting from the invasion'" and "'[the plaintiff's] mental distress proved to have been suffered if it is of a kind that normally results from such an invasion.'" *Reid v. Pierce County*, 136 Wn.2d 195, 205 n.4, 961 P.2d 333 (1998) (quoting RESTATEMENT § 652H). Though these damages may be nominal, Mr. Youker may prove them by his testimony alone. *See* 16A DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 20.31, at 51 (3d ed. 2006); RESTATEMENT § 652H cmt. c.

Construing all of the evidence and reasonable inferences in the light most favorable to Mr. Youker, a genuine issue of material fact exists on the issues of intent and damages. He should have been permitted to proceed to trial.

_____
Siddoway, J.

4