# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| LARSON MOTORS, INC., | No.  49671-2-II |
| Respondent, | |
| v. | |
| PAUL SNYPP, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Paul Snypp appeals the superior court's order granting partial summary judgment to Larson Motors, Inc., and entering judgment against him.  Snypp argues that Larson Motors recorded telephone calls they had with him without his permission, that the telephone calls were private, and the calls were not admissible.  He also argues that there were genuine issues of material fact as to whether he authorized the car repairs made by Larson Motors.  Thus, he argues that the superior court erred by granting partial summary judgment to Larson Motors, awarding Larson Motors its attorney fees and costs, and entering judgment against Snypp.  Larson Motors cross appeals, arguing that the superior court abused its discretion by denying its motion to sanction Snypp for his alleged perjury.

We hold that the recorded telephone calls that Snypp had with Larson Motors were private and that the calls were not admissible at summary judgment.  Because there are genuine issues of material fact as to whether Snypp authorized the car repairs, we reverse the superior court's order granting partial summary judgment and we reverse the related judgment in its entirety.  Further, because the superior court did not abuse its discretion by not sanctioning Snypp, we affirm the

superior court's order denying Larson Motors' motion for sanctions. Lastly, we deny both parties' request for attorney fees on appeal.

FACTS

Larson Motors performed repairs on Snypp's car in February and April of 2015. On February 11, Snypp brought the car in for an oil change and for other repairs that Snypp claims Larson Motors previously said it would fix at the next scheduled appointment. Snypp later claimed that he changed his mind and called Larson Motors the next day to cancel the repairs, but that the repair work had already been done without his authorization. Then, on February 19, Snypp took his car back to Larson Motors because his car was having a different problem.

Snypp and Larson Motors also spoke over the telephone in March and April to discuss the car repairs. Snypp admits that he authorized Larson Motors to "install new belts" during a telephone conversation and claims that Larson Motors said it would not charge him. Clerk's Papers (CP) at 92. On April 13, Snypp retrieved his car and Larson Motors charged him for the repair work done.

After Larson Motors had completed the car repairs, it provided Snypp with invoices totaling $892.00 for February's repairs and $8,189.42 for April's repairs. Snypp paid the invoices, but later disputed both charges with his credit card company and the credit card company reversed both transactions. Thus, Larson Motors was never paid.

Larson Motors sued Snypp alleging breach of contract and unjust enrichment. Larson Motors sought damages in the amount of $9,081.42 for the car repair work and requested an award

of reasonable attorney fees and costs under RCW 4.84.250.[1] In his answer to the complaint, Snypp alleged that the repair work was not authorized by him.

After Snypp refused to pay the February invoice, Larson Motors recorded their telephone calls with Snypp on March 17 and April 2 without Snypp's knowledge. The transcripts of the telephone recordings do not contain any authorization by Snypp permitting the telephone calls to be recorded. Larson Motors claims that these recorded telephone calls prove that Snypp authorized the car repairs. During Snypp's deposition, counsel for Larson Motors asked Snypp multiple times whether he had any conversations with the dealership that were "secret," and whether he said anything to Larson Motors that Snypp "wouldn't tell the judge," or whether Snypp did not want any calls "documented." CP at 94, 95. Snypp replied, "No" to these questions and stated that he wished that the communications had been documented.[2] CP at 94, 95, 97.

---

[1] RCW 4.84.250 allows for the recovery of reasonable attorney fees and costs in actions for damages where the amount pleaded is $10,000 or less.

[2] Specifically, that section of Snypp's deposition states:

> Q. So there wasn't any kind of private, secret communications happening between you and [Larson Motors' Service Manager]?
> A. Oh, no.
> . . . .
> Q. Were you saying anything to [Larson Motors' Service Manager] that you wouldn't say to everybody around the table today?
> A. No.
> . . . .
> Q. That's what I mean. Were there kind of secret, private communications that you didn't want documented going on between you and [Larson Motors' Service Manager]?
> A. Oh, no. I wanted everything documented.
> . . . .
> Q. [E]verything that you told to Larson Motors or they told you, you'd tell to anybody else?
> A. Exactly or tell to a judge, tell to a jury, whatever.

Larson Motors filed a motion for partial summary judgment on the breach of contract and unjust enrichment claims and argued that the car repairs were made based on Snypp's authorization. Snypp responded that he did not authorize the car repairs and that because there were genuine issues of material fact, partial summary judgment was not appropriate. Snypp also filed a declaration that disputed whether he authorized the February and April car repairs.

Larson Motors filed a motion for sanctions under CR 11, CR 26, CR 37, and RCW 7.21.010, as well as under the superior court's inherent ability to sanction bad faith litigation. Larson Motors argued that Snypp had lied under oath and that he should be sanctioned. In support of the motion for sanctions, Larson Motors sought to admit the transcripts of the recorded telephone calls.

In response, Snypp filed a motion to strike the transcripts of the recorded telephone calls and all documents attached to Larson Motors' motion for summary judgment that reference the telephone calls. In his declaration attached to the response, Snypp stated that the recorded telephone calls were intended to be private, that he had no knowledge that the calls were being recorded at that time, and that the transcripts that Larson Motors sought to admit lacked the authorization to allow the calls to be recorded as required under RCW 9.73.030 and .050.

The superior court denied Snypp's motion to strike, but declined to consider the recorded telephone calls, stating, "I don't know how you [Larson Motors] get around RCW [9.]73.030." Verbatim Report of Proceedings (VRP) (8/19/16) at 18. After a hearing, the superior court granted partial summary judgment to Larson Motors, but denied Larson Motors' motion for sanctions.

---

CP at 94, 95, 97.

4

Larson Motors then filed a motion requesting an award of attorney fees and costs. After a hearing, the superior court ruled that Larson Motors was the prevailing party under RCW 4.84.010, .030, and 4.84.250-.280. VRP (9/16/26) at 16. The superior court entered judgment against Snypp in the amount of $9,081.42 for the car repair work and awarded $30,350.73 in attorney fees and costs to Larson Motors. Subsequently, the superior court amended the order granting partial summary judgment and certified the partial summary judgment order as a final judgment for appeal under CR 54(b).

Snypp appeals the order granting partial summary judgment, the award of attorney fees and costs, and the judgment entered against him in the amount of $39,432.15. Larson Motors cross appeals the order denying its motion for sanctions.

ANALYSIS

I. RECORDED TELEPHONE CALLS

Snypp argues that the telephone calls that Larson Motors recorded are inadmissible and that we should not consider them.[3] We agree.

Washington's "Privacy Act" states that except as otherwise provided in chapter 9.73 RCW, it shall be unlawful for any individual to intercept, or record any

> [p]rivate conversation, by any device electronic or otherwise . . . without first obtaining the consent of all the persons engaged in the conversation.

---

[3] Snypp also argues that the superior court erred in certifying this matter for appeal under CR 54(b). We agree that the superior court improperly certified the partial summary judgment order as a final judgment under CR 54(b) because the superior court did not make express findings as to why there was no just reason for delay. Because the order was improperly certified, this case is not appealable as a matter of right. However, we exercise our discretion to treat this appeal as a motion for discretionary review pursuant to RAP 5.1(c), and we grant discretionary review and resolve this case on its merits.

RCW 9.73.030(1)(b). A communication is private within the meaning of the Privacy Act "'(1) when parties manifest a subjective intention that it be private and (2) where that expectation [of privacy] is reasonable.'" *Dillon v. Seattle Deposition Reporters, LLC*, 179 Wn. App. 41, 60, 316 P.3d 1119 (2014) (internal quotation marks omitted) (alteration in original) (quoting *State v. Modica*, 164 Wn.2d 83, 88, 186 P.3d 1062 (2008)). RCW 9.73.050 states that any information obtained in violation of the Privacy Act is inadmissible in any civil proceeding except with the permission of the individual whose rights were violated.

Here, Larson Motors argues that because Snypp testified in his deposition that he had no desire that the telephone calls between he and the dealership be private, that Snypp had no subjective intention that the conversation be private. However, in Snypp's declaration, he stated that he did believe that all calls he had with Larson Motors were private. The Privacy Act requires that parties who want to record a conversation must *first* obtain the "consent of all persons engaged in the conversation." RCW 9.73.030(1)(b). Our Supreme Court has stated, "As we read the statute, it expresses a legislative intent to safeguard the private conversations of citizens from dissemination in any way." *State v. Fjermestad*, 114 Wn.2d 828, 836, 791 P.2d 897 (1990).

Thus, the Privacy Act expresses a desire to protect citizens from having private conversations recorded without consenting to such a recording. While the application of the Privacy Act may be harsh, we interpret a statute's plain language to mean precisely what it says. *See HomeStreet, Inc. v. State, Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). Post-conversation statements of a party to a private conversation do not necessarily render an otherwise private conversation "not private" for Privacy Act purposes.

Here, the Privacy Act compels our decision. Because Larson Motors did not obtain Snypp's consent prior to recording the telephone calls, and his declaration expressed his understanding that any telephone calls with the dealership were private, we hold that the transcripts and any reference to the telephone calls were inadmissible. RCW 9.73.030. Because the transcripts of the recorded telephone calls and any reference to them were not admissible, we do not consider them on appeal. *See Allen v. Asbestos Corp., Ltd.*, 138 Wn. App. 564, 569-70, 157 P.3d 406 (2007).

## II. ORDER GRANTING PARTIAL SUMMARY JUDGMENT

Snypp argues that the superior court erred in granting partial summary judgment to Larson Motors and entering judgment against him for the cost of the repairs, because (1) there were genuine issues of material fact regarding whether he authorized the car repairs and (2) the superior court did not resolve his affirmative defenses and counterclaims for the damages to his car, which claims he argues were related. We agree with Snypp that genuine issues of material fact preclude partial summary judgment.

We review a superior court's decision to grant summary judgment de novo. *Shanghai Commercial Bank Ltd. v. Kung Da Chang*, 189 Wn.2d 474, 479, 404 P.3d 62 (2017). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). We review all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, and summary judgment will be upheld if we find that reasonable minds could have reached but one conclusion. *Youker v. Douglas County*, 178 Wn. App. 793, 796, 327 P.3d 1243 (2014). A genuine issue of material fact that could preclude summary judgment is one upon which reasonable people may

disagree. *Youker*, 178 Wn. App. at 796. A material fact is one that controls the litigation's outcome. *Youker*, 178 Wn. App. at 796.

Larson Motors alleges a breach of contract because Snypp entered into "valid and enforceable agreements" with them requesting the car repairs and Larson Motors conferred a benefit to Snypp by making the requested car repairs. CP at 5. Because Larson Motors "did not intend or agree to volunteer" its services, they also alleged a claim of unjust enrichment. CP at 5. Larson Motors relies heavily on the inadmissible recorded telephone call transcripts in support of its motion for partial summary judgment.

We do not consider inadmissible evidence on summary judgment. *See Allen,* 138 Wn. App. at 569-70. As discussed above, we hold that the recorded telephone call transcripts are inadmissible. Because Snypp disputed that he authorized the work, and we view the evidence and all reasonable inferences in the light most favorable to the nonmoving party, there are genuine issues of material fact as to whether Snypp authorized the car repairs. Because genuine issues of material fact exist, the superior court erred in granting partial summary judgment to Larson Motors. Therefore, we reverse the superior court's order granting partial summary judgment and the related judgment in its entirety.

### III. CROSS APPEAL–SANCTIONS

In its cross appeal, Larson Motors argues that the superior court erred by denying its motion to sanction Snypp for his alleged perjury. A superior court has broad discretion to impose sanctions and its determination will not be disturbed absent a clear abuse of discretion. *Magana v. Hyundai Motor Am.*, 167 Wn.2d 570, 582, 220 P.3d 191 (2009); *Eugster v. City of Spokane*, 110 Wn. App. 212, 39 P.3d 380 (2002). A superior court abuses its discretion when its decision is

manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Cook v. Brateng*, 180 Wn. App. 368, 375, 321 P.3d 1255 (2014).

Here, Larson Motors' request for sanctions was based on information contained in the recorded telephone calls. Because the recorded telephone call transcripts are inadmissible, we do not consider them on appeal. Thus, consistent with our holding, there is no basis for an award of sanctions against Snypp for perjury, and the superior court did not abuse its discretion by denying Larson Motors' motion for an award of sanctions against Snypp.

## IV. ATTORNEY FEES AND COSTS ON APPEAL

Larson Motors requests an award of attorney fees and costs on appeal under RCW 4.84.250[4] as the prevailing party and under RAP 18.1. RAP 18.1 allows this court to award attorney fees and costs if "applicable law" permits. However, because we reverse the order granting partial summary judgment, Larson Motors is not the prevailing party and is not entitled to an award of attorney fees and costs on appeal under RCW 4.84.250[5] and RAP 18.1.

Snypp also requests an award of attorney fees and costs on appeal "pursuant to RCW 4.84.250-.280, RCW 46.71.070, and RCW 19.86.090" or, alternatively, that we direct the superior court to determine the amount of attorney fees and costs on remand under RAP 18.1. Br. of Appellant at 35. However, Snypp makes no accompanying argument to justify an award of

---

[4] RCW 4.84.250 allows a prevailing party at superior court to collect attorney fees in an action for $10,000 or less.

[5] Snypp also argues that the superior court erred in awarding attorney fees and costs to Larson Motors under RCW 4.84.010, .030. Because we reverse the superior court's order granting partial summary judgment, there exists no statutory basis to award reasonable attorney fees or costs to Larson Motors. Therefore, we reverse the award.

attorney fees or costs.  Br. of App. at 35.  We will not consider claims unsupported by legal authority or argument.  RAP 10.3(a)(6); RAP 18.1(b); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).  Because Snypp does not provide argument, we decline to award him attorney fees and costs on appeal.

## CONCLUSION

We reverse the superior court's order granting partial summary judgment and we reverse the related judgment in its entirety.  We affirm the superior court's order denying Larson Motors' motion for an award of sanctions against Snypp.  We deny both parties' request for attorney fees on appeal.

SUTTON, J.

We concur:

WORSWICK, P.J.

LEE, J.