# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHELLE D'CARD and RUSSELL D'CARD, a married man and woman, and their marital community, | No. 56203-1-II |
| Petitioners, | |
| v. | |
| HENRY BAUER; and NEENA BAUER, a single woman, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, J. — Michelle and Russell D'Card seek review of the trial court's order on cross motions for partial summary judgment that dismissed their adverse possession claim and granted Henry and Neena Bauer's motion for partial summary judgment as to that claim.

We find that summary judgment was improper because there are genuine issues of material fact to be resolved regarding the adverse possession claim. Therefore, we reverse the order granting summary judgment dismissal of the adverse possession claim and designating Bauer as the prevailing party on the adverse possession claim, and remand to the trial court for further proceedings.

## FACTS

The D'Cards purchased property (Lot 3) next to the Bauers' adjoining property (Lot 4) in 1996. Lot 4 is located on Lot 3's eastern boundary. The D'Cards claim that when they purchased Lot 3 in 1996, they began clearing and maintaining an area of property where Lot 4 borders their

driveway by planting vegetation, putting in a gravel path, and constructing a rock wall. According to the complaint, the contested area is a 15-foot wide strip.

In 2020, the D'Cards commenced an action against the Bauers claiming, among other claims, that they had acquired the part of Lot 4 they were maintaining by adverse possession. The Bauers answered the complaint, denying adverse possession and asserting counterclaims of trespass on Lot 4 and intentional interference with their contract to sell Lot 4 to a developer.

The Bauers filed a motion for partial summary judgment as to the adverse possession claim on July 6, 2021. The motion was supported by a declaration of Henry Bauer that references Exhibit 2. Exhibit 2 is an aerial photo taken in 2018 that Henry Bauer alleged shows no evidence of any landscaping or rock wall along the boundary of Lots 3 and 4. Henry Bauer also relied on a 2020 land survey completed in anticipation of selling Lot 4 that shows any alleged encroachment onto Lot 4 is a maximum of 6 feet. In his declaration, Henry Bauer also stated that after entering into a contract to sell Lot 4 in August 2020, he noticed a small rock wall constructed along the edge of the D'Cards' driveway encroaching onto Lot 4.

The D'Cards also filed a motion for partial summary judgment on the adverse possession claim, supported by a declaration of Michelle D'Card. She stated that she is an avid gardener, and when they bought Lot 3, she began to clear out overgrown weeds that covered the slope on Lot 4 abutting the driveway while also planting vegetation. Michelle D'Card also stated that when they purchased the home in 1996, the rock wall ran along the edge of the driveway, but to avoid water erosion they increased the height of the wall. Michelle D'Card mentioned that they built a path within the contested strip that their children would use to visit the neighbors. Michelle D'Card also stated that since the purchase of Lot 3, the D'Cards have continuously and exclusively maintained the strip of property on Lot 4 abutting their driveway.

2

The D'Cards filed a declaration from photogrammetrist[1] Terry Curtis to support their partial summary judgment motion. He examined the 2018 aerial photo submitted as Exhibit 2 in Henry Bauer's declaration. Curtis stated that it was not possible to form an opinion about the use or conditions of the disputed area from the photo because "only a very small portion of the driveway is visible, and the disputed area to the West of the driveway is completely obscured by overhanging trees and vegetation along the shadows making it impossible to even see the disputed area." Clerk's Papers (CP) at 99. Curtis also stated that based on the photograph, he "would never make an attempt" to form an opinion about the disputed area. CP at 100.

The trial court entered an order on August 20, 2021, granting the Bauers' partial summary judgment motion, denying the D'Cards' partial summary judgment motion, and dismissing the D'Cards' adverse possession claim. Subsequently, the trial court denied the D'Cards' motion for reconsideration and granted the D'Cards' motion to voluntarily nonsuit their remaining claims.

The D'Cards sought discretionary review of the order granting the Bauers' partial summary judgment and denying the D'Cards' motion, which was granted pursuant to RAP 2.3(b)(1).

ANALYSIS

## I.   STANDARD OF REVIEW

We review summary judgment orders de novo, engaging in same inquiry as the trial court. *Janaszak v. State*, 173 Wn. App. 703, 711, 297 P.3d 723 (2013). Summary judgment is appropriate if there is "'no genuine issue as to any material fact'" and "'the moving party is entitled to a judgment as a matter of law.'" *Walston v. Boeing Co.*, 181 Wn.2d 391, 395, 334 P.3d 519 (2014) (quoting CR 56(c)). A genuine issue is one upon which reasonable people may disagree; a material

---

[1] In his declaration, Terry Curtis describes photogrammetry "as the art and science of collecting reliable information about the earth's surface or objects on the earth's surface from aerial photograph." CP at 97-98.

fact is one controlling the litigation outcome. *Youker v. Douglas County*, 178 Wn. App. 793, 796, 327 P.3d 1243 (2014). When

> there is contradictory evidence, or the movant's evidence is impeached, an issue of credibility is present, provided the contradicting or impeaching evidence is not too incredible to be believed by reasonable minds. The court should not at such hearing resolve a genuine issue of credibility, and if such an issue is present the motion should be denied.

*Balise v. Underwood*, 62 Wn.2d 195, 200, 381 P.2d 966 (1963).

II.     ADVERSE POSSESSION

The D'Cards argue that the trial court erroneously granted the Bauers' partial summary judgment motion designating the Bauers as the prevailing party on the issue of adverse possession when material facts were in dispute about that claim. The Bauers assert that the D'Cards' evidence does not create a genuine issue of material fact regarding the adverse possession claim. We agree with the D'Cards.

A.     Legal Principles

To establish adverse possession, the possession must be "(1) exclusive, (2) actual and uninterrupted, (3) open and notorious and (4) hostile and under a claim of right made in good faith." *Chaplin v. Sanders*, 100 Wn.2d 853, 857, 676 P.2d 431 (1984). These elements must concurrently exist for 10 years. RCW 4.16.020. "Adverse possession is a mixed question of law and fact: whether the essential facts exist is for the trier of fact, but whether the facts constitute adverse possession is for the court to determine as a matter of law." *Lingvall v. Bartmess*, 97 Wn. App. 245, 253, 982 P.2d 690 (1999). The presumption of possession is in the holder of legal title, and the party claiming to have adversely possessed the property has the burden of establishing the existence of each element. *ITT Rayonier, Inc. v. Bell*, 112 Wn.2d 754, 757, 774 P.2d 6 (1989). The party claiming adverse possession must establish each element by a preponderance of the

evidence, meaning that a fact finder must be persuaded that the facts are more likely than not. *Anderson v. Akzo Nobel Coatings, Inc.*, 172 Wn.2d 593, 608, 260 P.3d 857 (2011); *Teel v. Stading*, 155 Wn. App. 390, 394, 228 P.3d 1293 (2010).

      B.      There are Unresolved, Genuine Issues of Material Fact that Render Partial Summary Judgment Improper

We hold that granting partial summary judgment on the adverse possession issue was improper because the declarations submitted by the parties demonstrate genuine issues of material fact as to the elements of adverse possession.

First, Henry Bauer's declaration does nothing to dispute certain aspects of Michelle D'Card's declaration. Henry Bauer's declaration only addresses the facts surrounding the rock wall on the property. However, Michelle D'Card's declaration describes other actions that could arguably amount to adverse possession:

> Throughout D'Cards' 24-year ownership of their residential property, they have performed all well maintenance work. On several occasions they have had to hire tree cutters to remove Bauers' trees which have fallen down in the well area, as well as blocked their driveway.
>
>  . . . .
>
> In a 15-foot wide strip running along the east boundary of Lot 4, D'Cards have maintained vegetation for over 24 years, including large trees and bamboo bushes. They have also constructed a rockery in this area.
>
>  . . . .
>
> Mr. and Mrs. D'Card have used and maintained the 15-foot wide area along the eastern boundary of Lot 4, in an open, notorious, continuous, exclusive, and hostile manner for 24 years, beginning in June, 1996.
>
> . . . After 10 years of continuous, exclusive, hostile, open and notorious use of the 15-foot wide property strip along the east boundary of Lot 4, title passed by operation of law to Michelle and Russell D'Card in June, 2006. Bauers never took timely action to reclaim such property.

CP at 3-4.

Henry Bauer's declaration does not mention, let alone contradict, the alleged vegetation maintenance performed by the D'Cards during the statutory period, which could also establish use that satisfies the elements of adverse possession.

Additionally, Exhibit 2, which Henry Bauer heavily relies on in his declaration, at best, raises a genuine issue of material fact with regard to the D'Cards' adverse possession claim. First, Bauer does not explain in his declaration or brief how a photo taken in 2018 would conclusively show there was not adverse, possessory use occurring for the statutory period at some time, between 1996 and as late as 2020, a 24 year period. The photo is simply irrelevant. Next, Henry Bauer presents the photo to assert that there is "no evidence of the landscaping or rock wall along the boundary between Lots 3 and 4 in 2018." CP at 42. However, the declaration from Curtis, submitted by the D'Cards, indicates that one could not form an opinion about whether such evidence was present based on the photograph, because "only a very small portion of the driveway is visible, and the disputed area to the West of the driveway is completely obscured by overhanging trees and vegetation along with shadows making it impossible to even see the disputed area." CP at 99.

In their brief, the Bauers claim that there is no true conflict between Henry Bauer's declaration and Curtis's, and that they interpret the 2018 aerial photo the same way. But there is a clear divergence in their testimony because Henry Bauer asserts that there is "no evidence" of improvements from the photo, and Curtis asserts that it is impossible to tell whether there are improvements from the photo. Neither the existence nor non-existence of the wall can be inferred because the subject area is simply not visible through the canopy. The photo does not make more or less likely the existence of the wall at the time it was taken.

The Bauers also rely on a 2020 land survey that was performed in anticipation of selling Lot 4. According to Henry Bauer, "the survey shows the location of 'landscaping' and a 'rock wall' slightly encroaching on Lot 4 (a maximum of 6 feet in one spot)." CP at 42, 50. Presumably, the Bauers are asking the court to infer only a 6-foot encroachment onto Lot 4 as opposed to a 15-foot wide strip. However, this only demonstrates that there are issues of fact regarding how wide any possible encroachment actually is. Also, using this survey to support the motion for partial summary judgment suffers from the same flaw as Exhibit 2: it does nothing to conclusively controvert a claim of exclusive, actual and uninterrupted, open and notorious, and hostile possession for the ten-year statutory period that the D'Cards claim began in 1996. The survey does not make more or less likely the existence of the alleged activities constituting adverse possession, and only raises more factual issues to be resolved at trial.

The Bauers also argue that Michelle D'Card's declaration is "too incredible to be believed" by reasonable minds. Br. of Respondent at 26. However, the Bauers do not assert a compelling reason as to *why* this is the case. Neither the declaration of Curtis, nor Exhibit 2, nor the 2020 land survey render Michelle D'Card's statements about landscaping and other improvements occurring well prior to 2020 too incredible to be believed. As discussed above, these merely raise genuine issues of material fact that require resolution by a fact finder, i.e., issues of fact and credibility that are inappropriate for resolution through the summary judgment procedure. *See Barker v. Advanced Silicon Materials*, *LLC*, 131 Wn. App. 616, 624, 128 P.3d 633 (2006) ("On summary judgment[,] the trial court does not weigh evidence or assess witness credibility."); *Balise*, 62 Wn.2d at 200 ("The court should not at such hearing resolve a genuine issue of credibility, and if such an issue is present the motion should be denied.").

We reverse the order granting partial summary judgment to the Bauers on the adverse possession claim.[2], [3]

ATTORNEY FEES ON APPEAL

The trial court  awarded attorney fees to the Bauers as the prevailing party on the adverse possession issue.  The Bauers now also request attorney fees incurred in responding to the case before us on discretionary review, pursuant to RAP 18.1.[4]  RCW 7.28.083(3) provides that:

> The *prevailing party* in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just.

(Emphasis added.)

However, as discussed above, we determined that the trial court erroneously granted partial summary judgment, and we reverse and remand the order to resolve material and genuine issues of fact.  Therefore, the Bauers are not the prevailing party, and at this time are not entitled to attorney fees pursuant to the partial summary judgment order or RAP 18.1.

---

[2] In the memorandum in support of their motion for partial summary judgment, the Bauers included an argument that the disputed area could qualify as a prescriptive easement.  However, the Bauers have not made that argument on appeal, and we do not address it here.

[3] The D'Cards moved for partial summary judgment as well, which was denied.  In their request for discretionary review, the D'Cards sought review of both partial summary judgment orders: the order denying their motion and the order granting the Bauers' motion.  However, in their brief, the D'Cards seem to acknowledge that there are material issues of fact to resolve at trial because they request that we reverse the order granting the Bauers' partial summary judgment motion and remand the case to the trial court.  Because material facts are in dispute, a trial is necessary to assess the facts in question, and partial summary judgment in the D'Cards' favor is inappropriate.

[4] RAP 18.1(a) provides: "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this Rule."  RAP 18.1(b) requires a party "to devote a section of its opening brief to the request for the fees or expenses."

## CONCLUSION

We reverse the order granting summary judgment dismissal of the adverse possession claim and designating Bauer as the prevailing party on the adverse possession claim, and remand to the trial court for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Lee, P.J.

_____
Price, J.

9