IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MARLENE GONZALES, an individual; | ) | |
| REBECCA HOFFARTH, an individual; | ) | No. 39410-7-III |
| APRIL LONG, an individual; and | ) | |
| VICTORIA TAPIA, an individual, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| a department of the State of Washington, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Marlene Gonzales, Rebecca Hoffarth, April Long, and Victoria

Tapia (collectively "Plaintiffs") sued the Department of Corrections (DOC) for invasion

of privacy pursuant to 42 U.S.C. § 1983 and under Washington's common law right to

privacy. The Plaintiffs are current and former employees of the DOC who served as mail

processors at the Coyote Ridge Correction Center (CRCC). In May 2019, Ms. Long

opened an envelope that contained a crystalline substance. As a precaution, DOC

personnel subjected the Plaintiffs to a decontamination procedure.

The Plaintiffs first filed their complaint in federal court and, after it was dismissed,

filed a complaint in state court. The DOC moved for summary judgment on the state

court claims, asserting that res judicata barred the Plaintiffs' 42 U.S.C. § 1983 claims

and, as it related to their common law right to privacy claims, that the Plaintiffs failed to

produce evidence of intent on the part of the DOC or its agents.[1]  The trial court agreed

and granted the DOC's motion.  The Plaintiffs timely appealed.  We affirm.

BACKGROUND

The Plaintiffs are current and former CRCC mailroom employees.  CRCC is a

DOC facility.  While the Plaintiffs were processing mail on May 24, 2019, Ms. Long

opened an envelope that contained a crystalline substance.[2]  The Plaintiffs' potential

exposure to the unknown substance was reported to Sergeant Turner.[3]  Sam Harris,

facilities manager at CRCC, and Dorothy Trainer, environmental specialist for CRCC,

responded to the report.  Mr. Harris and Ms. Trainer constructed a screened-off

decontamination area using tarps and decontamination pallets.  Ms. Trainer conducted the

decontamination by instructing the Plaintiffs to undress before hosing them down in the

tented area.  The Plaintiffs were then given offender clothing or blankets and were

instructed to change into them inside of a nearby DOC van.

---

[1] The DOC also moved for dismissal of Ms. Long's and Ms. Hoffarth's claims under 42 U.S.C. § 1983, arguing they lacked standing since they are no longer employed with the DOC.

[2] The substance later tested positive for amphetamines.

[3] It is unclear from the record what Sergeant Turner's first name is.

FEDERAL COURT PROCEEDINGS

The Plaintiffs filed a complaint in the United States District Court for the Eastern District of Washington, pursuant to 42 U.S.C. § 1983, alleging that the DOC violated their right to privacy under the Fourth Amendment to the United States Constitution. The Plaintiffs also alleged that the DOC violated Washington's common law right to privacy. A few months later, the Plaintiffs agreed to dismiss their 42 U.S.C. § 1983 claims with prejudice and the common law right to privacy claims without prejudice. On January 5, 2021, a stipulated order was entered that dismissed the Plaintiffs' 42 U.S.C. § 1983 claims with prejudice and their common law right to privacy claims without prejudice.

STATE COURT PROCEEDINGS

The Plaintiffs then filed suit in the Franklin County Superior Court. In their complaint, the Plaintiffs alleged that the DOC violated their Fourth Amendment right to privacy pursuant to 42 U.S.C. § 1983 and violated Washington's common law right to privacy. Unlike the complaint filed in federal court, the complaint filed in state court requested injunctive relief pursuant to 42 U.S.C. § 1983. Aside from this difference, the federal and state court complaints were nearly identical. *Compare* Clerk's Papers (CP) at 3-6 *with* CP at 74-80.

The DOC moved for summary judgment, asserting res judicata barred Plaintiffs' 42 U.S.C. § 1983 claims and there was no evidence of intent to support their common

law right to privacy claims. The trial court agreed and granted the DOC's motion, thereby dismissing all of the Plaintiffs' claims. The Plaintiffs timely appealed.

ANALYSIS

On appeal, the Plaintiffs argue that res judicata was inapplicable to their 42 U.S.C. § 1983 claims and that they were not required to prove intent as part of their common law invasion of privacy claims. The Plaintiffs also contend that even if they were required to prove intent, an issue of fact remained as to whether there was sufficient intent to invade their privacy.

This court reviews orders on summary judgment de novo, engaging in the same inquiry as the trial court. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 370; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there

is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

Further, a nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

RES JUDICATA

The Plaintiffs argue that res judicata does not bar their 42 U.S.C. § 1983 claims because the suit in federal court, which was dismissed with prejudice pursuant to a stipulated motion, was not a final judgment on the merits. They further contend that res judicata is inapplicable due to a lack of identity between the federal court and state court claims under 42 U.S.C. § 1983 as the federal claims did not request injunctive relief whereas their claims in state court did. We disagree.

"Res judicata precludes relitigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." *Weaver v. City of Everett*, 194 Wn.2d 464, 480, 450 P.3d 177 (2019). If a claim is barred by res judicata, it is grounds for summary judgment dismissal. *Penner v. Cent. Puget Sound*

5

*Transit Auth.*, 25 Wn. App. 2d 914, 923-31, 525 P.3d 1010, *review denied*, 1 Wn.3d 1026, 534 P.3d 788 (2023). Res judicata requires identity between the prior final judgment and the subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of persons for whom or against the claim is made. *Weaver*, 194 Wn.2d at 480. Res judicata also requires a final judgment on the merits. *Schoeman v. N.Y. Life Ins. Co.*, 106 Wn.2d 855, 860, 726 P.2d 1 (1986).

In support of their contention that the stipulated order that dismissed their 42 U.S.C. § 1983 claims with prejudice did not constitute a final judgment on the merits, the Plaintiffs cite *Pederson v. Potter.*[4] The Plaintiffs claim *Pederson* holds that a consent judgment, such as a stipulated dismissal, does not always constitute a final judgment on the merits for res judicata purposes. The court in *Pederson* defined "on the merits" as:

> "In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases."

103 Wn. App. at 70 (quoting *CenTrust Mortg. Corp. v. Smith & Jenkins PC*, 220 Ga. App. 394, 397, 469 S.E.2d 466 (1996). Based on this definition, the court concluded, "the confession of judgment would qualify as a judgment on the merits because the Pedersons knew of their potential claims against the Potters when they settled and signed

---

[4] 103 Wn. App. 62, 11 P.3d 833 (2000).

the confession of judgment." *Id.* at 71. "They had the opportunity to be heard on [their] claims, and have them disposed of, but chose not to do so." *Id.*

Similarly, here, the Plaintiffs had the opportunity to be heard on their 42 U.S.C. § 1983 claims, yet instead chose to enter a stipulated motion to dismiss the claims with prejudice. "A dismissal with prejudice constitutes a final judgment on the merits." *Elliot Bay Adjustment Co. v. Dacumos*, 200 Wn. App. 208, 213, 401 P.3d 473 (2017); *see also Marshall v. Thurston County*, 165 Wn. App. 346, 357, 267 P.3d 491 (2011). The stipulated order that dismissed the Plaintiffs' 42 U.S.C. § 1983 claims with prejudice is a final judgment on the merits for purposes of res judicata.

Turning to Plaintiffs' argument regarding the identity of the causes of action, *Marshall v. Thurston County* is instructive. In *Marshall*, Division Two of this court found the same cause of action where plaintiffs sued the same defendant twice, noting that "[e]xcept for the separate damages . . . all of the evidence necessary to recover on each suit is identical." *Marshall*, 165 Wn. App. at 354. Similarly, here, all of the evidence necessary to prevail on the Plaintiffs' 42 U.S.C. § 1983 claims in state court is identical to that in federal court. The only difference between Plaintiffs' claims in federal court and their claims in state court is the remedy requested. CP at 1-6, 74-80. In state court, the Plaintiffs requested injunctive relief whereas in federal court they requested attorney fees and damages. We have held that "an injunction is a remedy, not an independent cause of action." *Markoff v. Puget Sound Energy, Inc.*, 9 Wn. App. 2d 833,

7

851, 447 P.3d 577 (2019). For purposes of res judicata, there exists an identity between the federal court and state court 42 U.S.C. § 1983 claims. Accordingly, the Plaintiffs' 42 U.S.C. § 1983 claims in state court is barred. With this holding, we need not address the DOC's lack of standing argument related to Ms. Long and Ms. Hoffarth.

COMMON LAW INVASION OF PRIVACY

The Plaintiffs next contend that when the government is alleged to have violated article I, section 7 of the Washington State Constitution, intent is not a factor. The Plaintiffs further argue that if intent is a necessary factor, a genuine issue of material fact exists as to whether the DOC or its agents acted intentionally. We disagree.

A person may sue the government for common law invasion of privacy if it intentionally intrudes on his or her solitude, seclusion, or private affairs. *Reid v. Pierce County*, 136 Wn.2d 195, 206, 213-14, 961 P.2d 333 (1998); RESTATEMENT (SECOND) OF TORTS § 652D (AM. L. INST. 1977). "The intruder must have acted deliberately to achieve the result, with the certain belief that the result would happen." *Fisher v. Dep't of Health*, 125 Wn. App. 869, 879, 106 P.3d 836 (2005). The intrusion, whether physical or nonphysical, must substantially interfere with the plaintiff's seclusion in a way that is highly offensive or objectionable to a reasonable person. *Mark v. Seattle Times*, 96 Wn.2d 473, 497, 635 P.2d 1081 (1981). Although intent is not a factor for violations under article I, section 7 of the Washington Constitution, our Supreme Court has declined the invitation to create a constitutional cause of action for privacy invasions by the

8

government.  *Id.* at 497; *Reid*, 136 Wn.2d at 213-14.  We have followed suit.  *Youker v. Douglas County*, 178 Wn. App. 793, 797, 327 P.3d 1243 (2014).

Under Washington's common law right of privacy, precedent is clear—intent is a factor even when the intruder is the government.  *See Mark*, 96 Wn.2d at 497; *Reid*, 136 Wn.2d at 213-14.  The Plaintiffs' argument that they need not prove that the DOC or its agents intentionally invaded their privacy is unpersuasive.

Based on the record, reasonable minds could reach but one conclusion—that the DOC or its agents lacked any intent to invade the Plaintiffs' right of privacy.  None of the Plaintiffs were able to confirm that anyone other than Ms. Trainer, who was in charge of the decontamination, saw them unclothed.  Further, in response to the Plaintiffs' allegation that they were made to move to the DOC van while visibly in a state of undress, the DOC produced deposition transcript excerpts from each plaintiff conceding they were, in fact, given blankets or clothing to cover themselves as they made their way to the van.  CP at 128-29, 132, 135-37, 140.

The Plaintiffs have failed to produce any evidence that the DOC or its agents acted with intent to invade their privacy.  Other than allegations made in their complaint, the Plaintiffs lack evidence demonstrating that the decontamination was inappropriate or that DOC or its agents acted deliberately to violate their right to privacy.

9

No. 39410-7-III
*Gonzales, et al. v. Dep't of Corr.*


CONCLUSION

Res judicata bars the Plaintiffs from reasserting their 42 U.S.C. § 1983 claims in state court. Therefore, we affirm the trial court's order granting summary judgment dismissal of the Plaintiffs' claims under 42 U.S.C. § 1983. Because the Plaintiffs have failed to present sufficient evidence that the DOC or its agents acted with intent, we affirm the trial court's order granting summary judgment dismissal of the Plaintiffs' claims under Washington's common law right of privacy.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:


_____
Pennell, J.


_____
Staab, J.